IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANAND MUNSIF | : | CIVIL ACTION |
| v. | : | No. 15-5649 |
| JEFFERSON HOSPITAL, et al. | : | |

| | | |
|---|---|---|
| ANAND N. MUNSIF | : | CIVIL ACTION |
| v. | : | No. 15-6190 |
| JEFFERSON UNIVERSITY PHYSICIANS, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                                                      **October 11, 2016**

      In these consolidated actions, pro se Plaintiff Anand N. Munsif brings claims against Thomas Jefferson University Hospital, Inc. (Jefferson), Jefferson University Physicians (Physicians), and twenty "John Doe" Defendants for lack of informed consent, professional negligence, agency and vicarious liability (based on underlying informed consent violations and professional negligence), loss of consortium, and suspected criminal violations, all arising out of treatment he received while under Defendants' care for an apparent foot infection in October 2013. On August 2, 2016, this Court issued a Memorandum and Order dismissing Munsif's claims based on lack of informed consent against Jefferson and Physicians and dismissing his claims for loss of consortium and suspected criminal violations against all Defendants. In that ruling, the Court noted Munsif's remaining claims—his lack of informed consent claims against the John Doe Defendants and his professional negligence-based claims against all Defendants—were also subject to dismissal due to Munsif's failure to file certificates of merit, as required under Pennsylvania Rule of Civil Procedure 1042.3. Because Munsif had requested an extension

of time in which to file the required certificates, however, the Court did not dismiss the remaining claims, but granted Munsif an additional thirty days, until September 1, 2016, to comply with Rule 1042.3. Despite the extension, Munsif has not filed any certificates of merit to date. Accordingly, Munsif's remaining claims will be dismissed.

Pennsylvania Rule of Civil Procedure 1042.3 requires that, within sixty days of filing "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," a plaintiff must file a certificate of merit attesting that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a)(1)-(3). The certificate of merit requirement is "substantive state law that must be applied by a federal court sitting in diversity." *Schmigel v. Uchal*, 800 F.3d 113, 115 (3d Cir. 2015). As explained in the Court's August 2, 2016, Memorandum, the certificate of merit requirement applies to each of Munsif's remaining claims. *See* Mem. 11-13, Aug. 2, 2016, ECF No. 21 (concluding the certificate of merit requirement applies to Munsif's informed consent and professional negligence claims against the John Doe Defendants, his vicarious liability claims against Jefferson and Physicians, and his corporate negligence claim, to the extent he is asserting such a claim).

If a plaintiff fails to file a certificate of merit in a case in which a certificate is required, the defendant may seek dismissal of the case. In state court, the mechanism for obtaining such a

dismissal is "the filing of a praecipe with a prothonotary, who in turn enters a judgment of non pros," which is the equivalent of a dismissal of the case without prejudice so long as the statute of limitations has not expired. *See Schmigel*, 800 F.3d at 117 & n.5 (citing Pa. R. Civ. P. 1042.6, 1042.7). Upon the filing of a praecipe for entry of a judgment of non pros, the prothonotary must enter the requested judgment so long as four conditions are satisfied: (1) there is no pending motion for either a determination that a certificate of merit is not required or an extension of time in which to file a certificate of merit; (2) no certificate of merit has been filed; (3) the defendant has submitted proof of service reflecting that a notice of intention to seek entry of a judgment of non pros was served on the plaintiff; and (4) the notice of intention to enter a judgment of non pros was served on the plaintiff at least thirty days before the praecipe was filed. *See id.* at 118 (citing Pa. R. Civ. P. 1042.7(a)(1)-(4)).

In federal court, in contrast, a request for dismissal of an action for failure to comply with the certificate of merit requirement must be made by motion. *See id.* at 122; *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). The Third Circuit Court of Appeals has suggested a motion for summary judgment, rather than a motion to dismiss, is the appropriate mechanism for seeking such a dismissal. *See Schmigel*, 800 F.3d at 122 & n.13 (noting the certificate of merit requirement is not a pleading requirement, as a certificate of merit is not part of the complaint and need not be filed with the complaint).

In this case, Jefferson and Physicians have complied with all of the conditions precedent to obtaining a dismissal for failure to file certificates of merits.[1] On March 9, 2016, these

---

[1] In *Schmigel*, the Third Circuit held the state law requirement that a malpractice defendant must provide the plaintiff thirty days' notice before seeking entry of a judgment of non pros for failure to file certificates of merit is substantive state law that must be applied in federal court. 800 F.3d at 124. Although the Court did not decide whether the other conditions precedent to entry of such a judgment must also be satisfied in a malpractice action in federal court, *see id.* at 121

3

Defendants served on Munsif and filed with the Court a "Notice of Intention to Enter Judgment of Non Pros for Failure to File a Certificate of Merit," alerting Munsif they intended to seek dismissal of the action if a certificate of merit was not filed within thirty days. On April 14, 2016, after the thirty-day notice period expired without the filing of any certificates of merit, Jefferson and Physicians filed a "Praecipe for Entry of Judgment of Non Pros Pursuant to Pa. R. Civ. P. 1042.7," and five days later, on April 19, 2016, they filed a motion to dismiss the case for failure to file certificates of merit. On June 15, 2016, this Court notified the parties it intended to treat Defendants' motion to dismiss as a motion for summary judgment and granted Munsif until June 30, 2016, to file a response.

On June 29, 2016, Munsif submitted a reply to the Court's June 15, 2016, Order, suggesting that, because he is a physician, his Complaint should be deemed to satisfy the certificate of merit requirement as it reflects his professional judgment that his claims have merit. Alternatively, Munsif requested an additional sixty days in which to file the necessary certificates. While Munsif's reply could be construed as both a request for a determination that the filing of certificates of merit was not required and a request for an extension of time to file the certificates, the request does not preclude this Court from dismissing this case because it is no longer pending. In the August 2, 2016, Memorandum, this Court rejected Munsif's suggestion that his Complaint satisfied the certificate of merit requirement, noting that even assuming a plaintiff can serve as his own "appropriate licensed professional" for purposes of providing a certificate of merit, Munsif did not appear to possess the necessary qualifications, as his medical license has been suspended. *See* Mem. 13-14, Aug. 2, 2016, ECF No. 21. The Court

---

n.12, this Court assumes all of the conditions precedent set forth in Pennsylvania Rule of Civil Procedure 1042.7 must be satisfied in a federal court action.

also granted Munsif's extension request in part, allowing him an additional thirty days to file certificates of merit. Although more than sixty days have now passed since the Court's ruling, Munsif has not filed any certificates of merit to date.

Because Jefferson and Physicians have satisfied all of the conditions precedent to obtaining dismissal of Munsif's professional negligence-based claims against them for failure to file certificates of merit, and because Munsif still has not filed the required certificates, despite having been granted an extension of time to do so, Jefferson and Physicians' motion to dismiss Munsif's professional negligence-based claims (the only claims remaining against these Defendants), which this Court has construed as a motion for summary judgment, will be granted. Because the certificate of merit requirement applies equally to the lack of informed consent and professional negligence claims against the John Doe Defendants, and because this Court has provided Munsif with notice of its intention to dismiss those claims absent compliance with the certificate of merit requirement, *see* Order, Aug. 2, 2016, ECF No. 22, Munsif's remaining claims against the John Doe Defendants will also be dismissed.

An appropriate Order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.